IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 192 Morgan Realty, LLC<br>- and -<br>Morgan Williamsburg, LLC<br>*Plaintiff*<br><br>v.<br><br>Aquatorium, LLC,<br>Moretti Designs, LLC,<br>-and-<br>Jonathan Yaney<br>*Defendants* | Case No. 1:20-CV-03627-RPK-RML<br><br>**TIME-SENSITIVE[1] MOTION TO INTERVENE AND VACATE ORDER** |

### I.   Introduction

On August 12th, 2020, Plaintiffs 192 Morgan Realty, LLC and Morgan Williamsburg, LLC filed a verified complaint against defendants Aquatorium, LLC, Moretti Designs, LLC, and Jonathan Yaney, regarding past due rents for dockage of a vessel described therein (the "Boat"). D.E. #1.  However, the Boat described is not owned by any of the named defendants, but is instead owned by Clear Blue Waters Project, LLC ("CBWP"), a New York limited liability company.  As such, the Boat's owner has not been served and the procedures invoked under Rule B of the Fed. R. Civ. P.'s Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions do not apply because, to the extent that the plaintiffs may have a claim, the proper defendant is found within the district.  *See* Rule B(a)(1).

---

[1] CBWP files this as a time-sensitive motion because its property has been seized by the U.S. Marshal pursuant to an order (albeit, an apparently expired one) of the Court.  The parties have agreed to an expedited briefing schedule, filed at D.E. #22

Accordingly. CBWP moves to intervene[2] and asks the Court to vacate the orders issued against the Boat and other such appropriate relief.

## II.  Argument

CBWP purchased the Boat in August 2019.  *See* Exhibit A, U.S. Coast Guard Bill of Sale. According to the terms of this sale, CBWP became the sole owner, and none of the named parties to this case – who were previous[3] owners and/or guarantors – retained any ownership interest in the Boat.  None of these original owners have an ownership interest in CBWP.

CBWP is a New York limited liability company.  *See* Exhibit B, NYS Department of State, Div. of Corporations, Entity Information for Clear Blue Waters Project, LLC.  It has been in "active" status for all times relevant to this complaint, including at current.  *Id*.

The Complaint in this action does not name CBWP, but instead names only previous owners.  *See* Verified Compl., D.E. #1.  The Complaint explicitly advises the Court that "Defendants are not found within this District within the meaning of Supplemental Rule B[4]."  *Id*., ¶ 4.  On this basis, and invoking the procedures of Rule B that are *only* available if the owners of a vessel are not within the district, Plaintiffs applied for a warrant for the arrest of the Boat.  D.E. #8.  The application was granted and served upon the U.S. Marshal.  D.E. #14.  Also under this

---

[2] Intervention is as-of-right pursuant to Fed. R. Civ. P. 24(a)(2).
[3] The named defendants were not the owners immediately prior to CBWP, but, upon belief, the owners of the Boat before that.
[4] In what appears to be a clerical error, the Verified Complaint also says the opposite in ¶ 16.

basis, Plaintiffs filed, and the Court granted, an application for substitute custodian.  D.E. ##15, 17.

As mentioned, "a Rule B attachment is available — pursuant to the express terms of the Rule — only if the defendant 'is not found within the district." *Dominion Bulk Chart. v. America Metals*, 419 F. App'x 121, 122 (2nd Cir. 2011), citing *Amber Int'l Navigation, Inc. v. Repinter Int'l Shipping Co., S.A.*, Case No. 09-CV-3897, 2009 WL 1883251, at *2 (S.D.N.Y., June 30th, 2009).  The rationale for the rule is obvious: if the owner of a vessel can be found, they should be served under normal procedures and no special *in rem* procedures are necessary.  Whether or not Plaintiffs were correct that the defendants it incorrectly named are "within the district," the true owner of the Boat and thus proper defendant for any claims against the Boat, CBWP, certainly is.  "We have held that a defendant registered with New York's Department of State is 'found' within the jurisdiction for purposes of Rule B." *Id.*, citing *STX Panocean (UK) Co. v. Glory Wealth Shipping Pte. Ltd.*, 560 F.3d 127, 133 (2nd Cir. 2009), *Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2nd Cir. 2009).

### III.  Conclusion

The owner of the Boat will gladly appear in this Court to defend its interests against the merits of Plaintiffs' claim when it is properly named and served.  Until then, however, CBWP asks the Court that:

1. The warrant for arrest of vessel, to the extent that it is still in effect, be **vacated**, and the letter request to extend the attachment order (D.E. #18) be denied as moot;
2. The custodian appointment order (D.E. #17) be **vacated**,

3. The U.S. Marshal and any custodian in possession be **ordered** to release the Boat to CBWP, and,

4. Plaintiffs be **ordered** to amend and serve their pleading upon the proper parties within a period of time to be affixed by the Court, and CBWP to respond within the normal time affixed by the Federal Rules of Civil Procedure.

Dated: Brooklyn, NY
      February 3rd, 2021

Respectfully submitted,

      */s/Jonathan Corbett*
Jonathan Corbett, Esq.
Attorney for Intervenor CBWP
CA Bar #325608 (*pro hac vice granted*)
958 N. Western Ave. #765
Hollywood, CA 90029
E-mail: jon@corbettrights.com
Phone: (310) 684-3870
FAX:   (310) 675-7080