UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
192 MORGAN REALTY, LLC and MORGAN
WILLIAMSBURG, LLC,

                Plaintiffs,                        **MEMORANDUM AND ORDER**

      v.                                       20-CV-3627 (RPK) (RML)

AQUATORIUM, LLC, MORETTI DESIGNS,
LLC, JONATHAN YANEY, and CLEAR BLUE
WATERS PROJECT, LLC,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiffs 192 Morgan Realty, LLC and Morgan Williamsburg, LLC bring this maritime action against Aquatorium, LLC, Moretti Designs, LLC, Jonathan Yaney, and Clear Blue Waters Project, LLC ("Clear Blue"), alleging that defendants failed to pay dockage owed to plaintiffs for the vessel Schamonchi (the "Vessel"). *See* Am. Compl. (Dkt. #28-2). Clear Blue moved to dismiss the complaint. *See* Mot. to Dismiss (Dkt. #31). In a report and recommendation ("R. & R."), Judge Levy recommends that I deny the motion to dismiss in part and grant plaintiffs leave to amend the complaint. *See* R. & R. (Dkt. #36). For the reasons set out below, I adopt the R. & R. in its entirety.

## BACKGROUND

      I assume familiarity with the underlying facts and procedural history, *see* R. & R. at 1-5, which I describe here only as needed to address Clear Blue's R. & R. objections.

      Plaintiffs filed an initial complaint against Aquatorium, LLC, Moretti Designs, LLC, and Jonathan Yaney on August 12, 2020, alleging that the defendants failed to pay to dock the Vessel at plaintiffs' dock pursuant to a license agreement between defendants and plaintiffs' predecessor-

1

in-interest. *See* Compl. ¶¶ 11-14 (Dkt. #1). Plaintiffs then moved under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") to the Federal Rules of Civil Procedure for attachment of the Vessel. *See* Dkt. #6. Supplemental Rule B provides for attachment of a defendant's property in an *in personam* action when the defendant "is not found within the district." Fed. R. Civ. P. Supp. R. B(1)(a). The Court granted plaintiffs' motion and ordered process of maritime attachment to issue against the Vessel. *See* Order dated Aug. 20, 2020 (Dkt. #7). In the event that the Vessel had not been restrained within sixty days of the Order, the Court specified that the Order would automatically expire unless plaintiffs showed good cause for an extension. *See id.* at 2-3.

A warrant issued for the arrest of the vessel on October 23, 2020. *See* Warrant Issued (Dkt. #13). Plaintiffs moved to appoint a custodian for the Vessel, and the Court granted that request on November 10, 2020. *See* Mot. to Appoint Custodian (Dkt. #15); Order dated Nov. 10, 2020. But the Vessel was not arrested until January 26, 2021, about three months after the Court's Order granting plaintiffs' Supplemental Rule B motion had expired. *See* Pls.' Letter dated Jan. 26, 2021 (Dkt. #18). On January 26, 2021, plaintiffs filed a letter on the docket informing the Court about the arrest and requesting an extension *nunc pro tunc* of the Court's Order. *See ibid.*

That same day, counsel for Clear Blue filed an emergency motion to appear *pro hac vice* in anticipation of a motion to intervene in this action. *See* Emergency Mot. to Appear Pro Hac Vice (Dkt. #19). Clear Blue subsequently moved to intervene and to vacate the warrant for the arrest of the vehicle and the custodian appointment order. *See* Mot. to Intervene and Vacate (Dkt. #23). Clear Blue argued that it owned the Vessel instead of the named defendants. *See id.* at 1. Moreover, Clear Blue asserted that because it was found in this district, Supplemental Rule B did not apply. *See ibid.* Plaintiffs requested a pre-motion conference in anticipation of a motion for

2

leave to file an amended complaint. *See* Mot. for Pre-Mot. Conf. (Dkt. #25). I referred Clear Blue's and plaintiffs' motions to Magistrate Judge Levy who granted the motion to intervene, gave plaintiffs leave to amend the complaint, and deferred ruling on the motion to vacate. *See* Minute Entry dated Mar. 16, 2021.

On March 22, 2021, plaintiffs moved for a warrant to arrest the Vessel pursuant to Supplemental Rule C. *See* Dkt. #28. Supplemental Rule C provides for an action *in rem* to enforce a maritime lien when the property at issue is within the district or will be within the district while the action is pending. *See* Fed. R. Civ. P. Supp. R. C(1)(a); *id.* Supp. R. C(2)(c). Plaintiffs attached an "Amended Verified Complaint [f]or Maritime Attachment" to the Supplemental Rule C motion. *See* Am. Compl. (Dkt. #28-2).

The operative complaint identifies the action as "quasi in rem pursuant to Supplemental Rule C." *Id.* ¶ 1. Plaintiffs allege that the Vessel "has wrongfully remained docked" without permission since defendants' license to dock the vessel terminated on July 7, 2020. *Id.* ¶ 20. As a result, plaintiffs claim that they "are presently owed $227,813.84." *Id.* ¶ 21.

Clear Blue filed a motion to dismiss the amended complaint. *See* Mot. to Dismiss (Dkt. #31). The motion to dismiss argued that the Court should abstain from exercising its jurisdiction under the *Colorado River* doctrine and that plaintiffs failed to state a claim because the maritime lien was unenforceable under state law. *See id.* at 1, 4-7. I referred plaintiffs' Rule C motion and Clear Blue's motion to dismiss to Judge Levy. *See* Order dated Mar. 23, 2021; Order dated Aug. 13, 2021.

On November 3, 2021, Judge Levy issued an R. & R. concluding that Clear Blue's motion to dismiss should be denied in part and plaintiffs should be granted leave to amend the complaint. Judge Levy concluded that abstention under *Colorado River* was not appropriate because no

3

parallel state action existed and recommended that I deny that part of Clear Blue's motion to dismiss. *See* R. & R. at 9. Judge Levy also noted pleading deficiencies in plaintiffs' first amended complaint. *See id.* at 11-14. In particular, Judge Levy pointed out that plaintiffs purport to bring an action *quasi in rem* while Supplemental Rule C provides for an *in rem* action. *See id.* at 12. Plaintiffs titled the amended complaint as being for "Maritime Attachment" and state in the complaint that the action is for "maritime attachment," but Supplemental Rule C provides for the issuance of an arrest warrant, not attachment. *See id.* at 12-13. Judge Levy noted that plaintiffs "never explicitly allege the existence of a maritime lien" and did not "state that they are seeking to enforce a maritime lien." *Id.* at 13. And the amount of money that plaintiffs claim to be owed includes sums that cannot be part of a maritime lien. *See id.* at 13-14. Judge Levy therefore recommended that I grant plaintiffs leave to amend the complaint to correct those deficiencies and did not reach the remaining grounds to dismiss the complaint for failure to state a claim raised in Clear Blue's motion. *See id.* at 11, 13.

Clear Blue objects to the portion of Judge Levy's report that recommends denying its motion for *Colorado River* abstention. *See* Def.'s Objection (Dkt. #37). In its objections, Clear Blue argues that the Court should consider whether a parallel state court proceeding existed at the time that Clear Blue filed the motion for abstention and not at the time that the motion was decided. *See id.* at 1.

## STANDARD OF REVIEW

### I. Review of a Magistrate Judge's Report and Recommendation

The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue is "dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, then the district court must "determine

4

de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

Those parts of an R. & R. that are uncontested or are not properly objected to may be reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

## II. *Colorado River* Abstention

A motion to dismiss based on the *Colorado River* abstention doctrine is assessed under the same standard as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013) (citing *City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 341-42 (E.D.N.Y. 2008)). This standard is "essentially identical to the Fed. R. Civ. P. 12(b)(6) standard," *ibid.*, under which the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While a district court deciding a 12(b)(6) motion to dismiss for failure to state a claim ordinarily "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference," *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (citation omitted), "[i]n resolving

5

a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Additionally, under either standard the court may take judicial notice of documents in the public record, including state court filings. *See Blue Tree Hotels Inv. (Can.), Ltd., v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

## DISCUSSION

For the reasons explained below, I adopt the R. & R., deny the motion to dismiss in part, and grant plaintiffs leave to amend the complaint.

### I. *Colorado River* Abstention

Defendant's motion for the Court to abstain from exercising its jurisdiction over this case is denied because the requirements for *Colorado River* abstention are not met.

In *Colorado River Water Conservation District v. United States*, the Supreme Court expanded the doctrine of abstention by recognizing that there are circumstances when federal courts may, "for reasons of wise judicial administration," abstain from exercising jurisdiction "due to the presence of a concurrent state proceeding." 424 U.S. 800, 818 (1976). But such circumstances are strictly limited. There was "never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Id.* at 813-14 (citation omitted). Accordingly, abstention is "an extraordinary and narrow exception to the duty of a [d]istrict [c]ourt to adjudicate a controversy properly before it." *Id.* at 813 (citation omitted).

A court deciding whether to abstain under *Colorado River* engages in a two-step inquiry. First, as a precondition to abstention, the court must determine that the relevant state and federal proceedings are "parallel." *See Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 117-18 (2d Cir. 1998) (citation omitted). Two suits are parallel where the parties are "substantially the same, litigating

6

substantially the same issues in both actions." *Royal & Sun Alliance Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006). While "[p]erfect symmetry of parties and issues is not required," *Sitgraves v. Fed. Home Loan Mortg. Corp.*, 265 F. Supp. 3d 411, 413 (S.D.N.Y. 2017) (citation omitted), the two actions must be "essentially the same," *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012). Accordingly, two actions are parallel when "there is a 'substantial likelihood' that the state court litigation will 'dispose of all of the claims presented in the federal case.'" *Kingsway Fin. Servs., Inc. v. Pricewaterhousecoopers, LLP*, 420 F. Supp. 2d 228, 232 (S.D.N.Y. 2005) (quoting *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir. 2005)). If the court determines that parallel state and federal proceedings exist, the court must then assess the six *Colorado River* factors to decide whether abstention is warranted. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

In its motion to dismiss, Clear Blue argues that abstention is warranted in light of a state court case that plaintiffs filed seeking eviction of the Vessel from the dock, among other relief. *See* Mot. to Dismiss at 4. Plaintiffs respond that because they discontinued the state court action on April 8, 2021, no parallel state court proceeding exists to support abstention. Pls.' Mem. in Opp'n at 9-10 (Dkt. #33-7); *see* Aff. of Jules A. Epstein Ex. 2 (Dkt. #33-2). Clear Blue replies that unless the existence of a parallel state court proceeding can be determined at the time that the motion for abstention is filed, a plaintiff could always defeat *Colorado River* abstention by voluntarily dismissing the state case. *See* Def.'s Reply at 3-4 (Dkt. #34). Since plaintiffs discontinued the state court action one day after Clear Blue filed the motion to dismiss, Clear Blue reasons that abstention is still appropriate. *See id.* at 2-4.

Judge Levy concluded that no basis for abstention remained after plaintiff voluntarily dismissed the state court case. R. & R. at 9 (citing *Louis Hornick & Co. v. Darbyco, Inc.*, No. 12-

7

CV-5892 (LTS), 2013 WL 3819643 (S.D.N.Y. July 23, 2013); *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273 (E.D.N.Y. 2013)). Therefore, Judge Levy recommended that I deny the motion to dismiss on *Colorado River* abstention grounds. *Ibid.* Clear Blue objects to that recommendation and reiterates its argument that the Court may determine the existence of a parallel state court proceeding at the time of the motion for abstention "because holding otherwise invites gamesmanship and wasted judicial resources." Def.'s Objection at 1.

      Clear Blue's objection is meritless. Abstention doctrines like *Colorado River* "are predicated on the existence of pending state litigation on parallel issues[] and . . . are inapposite [where] there is no longer anything pending in the state courts." *Allstate Ins. Co. v. Longwell*, 735 F. Supp. 1187, 1192 (S.D.N.Y. 1990). The fact that a parallel state court proceeding once existed during federal litigation is not one of the "extraordinary and narrow exception[s] to the duty of a [d]istrict [c]ourt to adjudicate a controversy properly before it," *Colorado River*, 424 U.S. at 813 (citation omitted). Rather, it is "the *presence* of a concurrent state proceeding" that might release a federal court from its "virtually unflagging obligation . . . to exercise [its] jurisdiction." *Id.* at 817-18 (emphasis added). As the Second Circuit has explained, *Colorado River* abstention applies where "state and federal courts exercise concurrent jurisdiction *simultaneously*." *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996) (emphasis added); *Village of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999) (same). Accordingly, courts in this circuit have consistently refused to abstain under *Colorado River* where no parallel state proceeding exists at the time that an abstention motion is decided. *See, e.g.*, *Elzanaty*, 916 F. Supp. 2d at 289; *Fresh Air for the Eastside, Inc. v. Waste Mgmt. of N.Y., LLC*, 405 F. Supp. 3d 408, 430-31 (W.D.N.Y. 2019) (holding that *Colorado River* did not apply where parallel state proceedings did not exist); *Fisher v. O'Brien*, No. 09-CV-42 (CBA) (LB), 2010 WL 1269793, at *4 (E.D.N.Y. Mar. 9, 2010)

8

(finding motion for *Colorado River* abstention "moot as there is no parallel state court proceeding pending"), *report and recommendation adopted by* 2010 WL 1286385 (E.D.N.Y. Mar. 30. 2010); *Darbyco*, 2013 WL 3819643, at *3; *Doyle v. N.Y. State Div. of Housing & Cmty. Renewal*, No. 98-CV-2161 (JGK), 1999 WL 177441, at *5 (S.D.N.Y. Mar. 30, 1999) ("In this case, there is no parallel state proceeding and jurisdiction is not being exercised simultaneously. Therefore, the Court has no basis upon which it can refuse to exercise federal jurisdiction in this case.").

Clear Blue offers no compelling reason to depart from persuasive authority in this circuit. Clear Blue argues that if the time to assess the existence of a parallel state court proceeding is the moment at which an abstention motion is decided, a plaintiff could always avoid abstention by voluntarily dismissing the state action. *See* Def.'s Reply at 4; Def.'s Objection at 1-2. But Clear Blue does not explain how a federal court can abstain from exercising its jurisdiction "due to the presence of a concurrent state proceeding" where no such proceeding exists. *Colorado River*, 424 U.S. at 818. And Clear Blue cites no cases in which a court abstained under *Colorado River* even where no parallel proceeding was pending in state court.

Instead, Clear Blue invokes two out-of-circuit cases on which plaintiffs had also relied. Those cases do not help Clear Blue. In *Federal Deposit Insurance Corp. v. Nichols*, the Ninth Circuit concluded that a district court had erred in abstaining under *Colorado River* when "there was no concurrent or pending state court proceeding when [the defendant] moved for dismissal or when the district judge declined to" exercise jurisdiction. 885 F.2d 633, 638 (9th Cir. 1989). That decision has little persuasive value in this case, because the Ninth Circuit did not address whether or not *Colorado River* abstention could be appropriate when (as here) the state proceeding that the defendant invokes as parallel was pending when the defendant filed a motion to dismiss, but the state suit had been dismissed before the federal abstention motion was decided. *Adamson v. Port*

9

*of Bellingham*, No. 14-1804, 2015 WL 12910682, at *2 (W.D. Wash Mar. 12, 2015), the other case that Clear Blue invokes, does address that circumstance. But it does not aid Clear Blue. The *Adamson* court declined to abstain, reasoning that when "there was a state court proceeding" on the date the motion to dismiss was filed, "but . . . as of the date of this order, there is not, . . . there is no contemporaneous state court proceeding because there is no state court case pending at this time." *Ibid.* Accordingly, these two out-of-circuit cases do not persuade me that there is any error in Judge Levy's analysis.

At bottom, Clear Blue is upset that this case falls into this Court's admiralty jurisdiction. *See* Def.'s Objection at 3 ("[This case] is allowed [to be in federal court] only due to the most whimsical quirk of jurisdiction that for purely historical reasons allows a permanently docked boat to receive the same treatment as if it were on the high seas."). However, "[f]ederal courts, it was early and famously said, have 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Cohens v. Virginia*, 6 Wheat. 264, 404 (1821)). Since there is no parallel state proceeding that would permit abstention under the *Colorado River* doctrine, I will not decline to exercise my jurisdiction. Clear Blue's motion to dismiss is denied with respect to *Colorado River* abstention.

**II.     Leave to Amend**

Neither party objects to Judge Levy's conclusions that plaintiffs' complaint appears to include pleading deficiencies and that plaintiff ought to be given leave to amend the complaint to correct those deficiencies. *See* R. & R. at 11-14. Accordingly, I review Judge Levy's recommendation for clear error. Having found none, I adopt Judge Levy's recommendation that plaintiff be given leave to amend the complaint.

**CONCLUSION**

Judge Levy's report and recommendation is adopted in full. Defendant's motion for *Colorado River* abstention is denied and plaintiffs are granted leave to amend the complaint to correct the deficiencies identified in this Order. Plaintiffs may file an amended complaint within thirty days of this Order. I will defer ruling on the remaining ground for dismissal of the complaint raised by Clear Blue unless plaintiff fails to file such an amended complaint.

SO ORDERED.

                                           */s/ Rachel Kovner*
                                           RACHEL P. KOVNER
                                           United States District Judge

Dated: January 13, 2021
       Brooklyn, New York