**Jules A. Epstein, P.C.**
ATTORNEY AT LAW
100 JERICHO QUADRANGLE
SUITE 300
JERICHO, NY 11753
TELEPHONE: (516) 745-1325
FAX: (516) 479-6301
E-MAIL: jaepc1@aol.com / jaepc2@aol.com

December 22, 2022

**Via ECF Filing**
Hon. Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Failure to Preserve ESI, Case No. 1:20-CV-03627-RPK-RML**
      **192 Morgan Realty, LLC and Morgan Williamsburg, LLC v.**
      **Aquatorium, LLC, Moretti Designs, LLC and Jonathan Yaney**

Dear Judge Levy:

Pursuant to L.R. 37.3 and Your Honor's Individual Rule 2(B), Plaintiffs/Counterclaim Defendants request leave to move for imposition of sanctions pursuant to FRCP Rule 37(e) on Defendant/Counterclaim Plaintiff Clear Blue Water Projects, LLC ("CBWP") due to CBWP's failure to preserve Electronically Stored Information ("ESI").[1]

**BACKGROUND FACTS**

As the Court will recall, this action is brought to enforce a maritime lien for wharfage on the vessel Schamonchi ("Vessel"). CBWP claims it owns the Vessel. CBWP has interposed a counterclaim for property damage to the Vessel. The Vessel was allegedly damaged on April 13, 2020 while moored at Plaintiff's property when struck by a concrete block manufactured and stored by non-party Gotham Ready Mix, LLC[2] ("Gotham") in the vicinity of the Vessel. Though Plaintiffs neither manufactured nor stored the concrete block and did not create the alleged dangerous condition (described by CBWP's principal as "tipping"), CBWP alleges Plaintiffs are liable for the Vessel's damage because Plaintiffs "had a duty to ensure that its use (either directly or by leasing of the land to a third party) of the land adjacent to that leased or licensed to

---

[1] The discovery cutoff in this action is February 23, 2023.

[2] Gotham is Plaintiff Morgan Williamsburg LLC's tenant operating a concrete manufacturing business the property. The dock where the Vessel is moored is owned by Plaintiff 192 Morgan to whom the maritime lien belongs.

CBWP did not interfere with CBWP's quiet enjoyment of its use of the property or create dangerous conditions thereon". CBWP Counterclaim – ECF Docket #40.

### CBWP'S SPOLIATION OF ESI

CBWP's principal Lindsay Arden Cooper ("Cooper") was deposed on October 20, 2022. Cooper testified that her means of communication, before and after the occurrence, with Gotham was via "Whats App" text messaging. Cooper testified that before the occurrence she complained to Gotham about its dangerous storage of Gotham's concrete products by Whats App text messaging and made a claim for compensation by text message to Gotham after the occurrence.

Inasmuch as Gotham – not Plaintiffs – is the tortfeasor responsible for the alleged damage to the Vessel, these text messages are highly relevant to Plaintiffs' defense of CBWP's counterclaims.[3]

Plaintiffs demanded production of Cooper's Whats App text messages with Gotham at her deposition. However Cooper testified that she deleted her Whats App text messages <u>after</u> CBWP's counterclaims were interposed, and did not preserve this ESI.

Plaintiffs' ability to defend against CBWP's counterclaims is severely prejudiced by Cooper's <u>spoliation</u> of her ESI.

Plaintiffs request leave to move pursuant to <u>FRCP Rule 37(e)</u> for the Court to determine (i) whether Cooper intentionally deleted her Whats App text messages to deprive Plaintiffs of use of her text messages in this litigation; and (ii) the appropriate measures to cure the prejudice to Plaintiffs from CBWP's failure to preserve ESI.

Thank you for your consideration.

Respectfully yours,

Jules A. Epstein

---

[3]Cooper's testimony whether she also communicated with Plaintiffs via Whats App is unclear.